UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMON ANTONIO LOPEZ, : | |
|     Plaintiff, : | |
| : | PRISONER CASE NO. |
| v. : | 3:08cv678(JCH) |
| : | |
| TARA MCEWAN, et al., : | JANUARY 23, 2009 |
|     Defendants. : | |

**RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Ramon Antonio Lopez brings this civil rights action against defendants McEwan, Kay, Oglesby, Cormier, Rodriguez, Light, Rose, McGill, Choinski, Marcial, and Murphy.[1] He alleges that, in retaliation for the filing of the grievance about defendant McEwan's alleged sexual relationship with another inmate, the defendants issued him a false disciplinary report, placed him in administrative segregation, found him guilty of the false charges, imposed severe sanctions, and made statements in the presence of other inmates that subjected him to harm. The plaintiff has filed a Motion for Preliminary Injunction seeking to enjoin the defendants from "ignoring, stalling, obstructing, suppressing or 'loosing' plaintiff's properly filed . . . grievances." Mot. Prelim. Inj. at 1. For the reasons that follow, the motion is denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). A party seeking a preliminary injunction "must show irreparable harm absent injunctive relief, and either a likelihood of success

---

[1] On June 30, 2008, the court dismissed the claims against defendants Roman and Lantz pursuant to 28 U.S.C. § 1915A(b)(1).

on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir.2006). The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits. See id. at 114. To prevail on a motion for preliminary injunctive relief, the plaintiff must establish that "the alleged threats of irreparable harm are not remote or speculative but actual and imminent." New York v. Nuclear Regulator Commission, 550 F.2d 745, 775 (2d Cir. 1977)

"There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997)(internal citations and quotations omitted). Where, as here, "the record before the court permits it to conclude that there is no factual dispute that must be resolved by an evidentiary hearing, a preliminary injunction may be granted, or denied, without hearing oral testimony." 13 James W. Moore, et al., Moore's Federal Practice ¶ 65.21[6] (3d ed. 2008); see also Maryland Cas. Co., 107 F.3d at 984. Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Plaintiff has failed to allege any specific facts demonstrating that any of the defendants have interfered with or delayed the processing of grievances filed by him since the filing of the Complaint in May 2008. Instead, he generally alleges that he will be irreparably harmed if the defendants do not comply with their own rules and continue to ignore, delay, and lose his properly filed grievances. Because plaintiff has failed to

plead how he will be irreparably harmed if the court does not grant his motion seeking to enjoin the defendants from ignoring, interfering with, and delaying the processing of his grievances, the request for injunctive relief is denied.

In reply to the defendants' memorandum in response to the motion, the plaintiff states that he seeks a preliminary injunction against the defendants because they "are known to 'loose," hinder, mix up, suppress, destroy, discard, belittle and undermine prisoners obligatory duty to exhaust their administrative remedies pursuant to the . . . Prison Litigation Reform Act."  Pl.'s Reply Defs.' Mem. Opp'n Mot. Prelim. Inj. at 2. Plaintiff then goes on to mention a grievance restriction imposed on him by defendant McGill in March 2008 and alleges that the restriction deprived him of his right to petition the government.   None of the allegations in plaintiff's reply are in the Complaint. Because the plaintiff's allegations and request for relief relating to grievance restrictions are unrelated to the claims in the Complaint, which stem from the issuance of disciplinary report in March 2008, the request for injunctive relief as to claims subsequent to the Complaint is inappropriate.  See De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")  Furthermore, plaintiff's claims regarding the imposition of grievance restrictions against him are the subject of another lawsuit filed by him.  See Lopez v. Lantz, et al., 3:08cv1865 (CSH).[2]

---

[2]  In addition, it is evident that the alleged grievance restriction had little if any impact on plaintiff's ability to file new lawsuits in this court.   Since March 2008, plaintiff has filed six cases

For all the reasons set forth above, the Motion for Preliminary Injunction [**Doc. No. 12**] is **DENIED**.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 23rd day of January, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

including the present case which was received by the court on May 2, 2008.