**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RAMON LOPEZ,  :   Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v.  : | 3:08-cv-0678 (JCH) |
| : | |
| TARA MCEWAN, ET AL.,  : | |
|   Defendants. : | FEBRUARY 10, 2010 |

**RULING RE: PLAINTIFF'S OBJECTION TO DISCOVERY ORDER AND RULING (Doc. No. 76)**

**I.   INTRODUCTION**

Plaintiff Ramon Lopez objects to Magistrate Judge Holly B. Fitzsimmons' Order of December 2, 2009.[1]  See Pl.'s Objection to Discovery Ruling ("Objection") (Doc. No. 76).  On October 27, 2009, Magistrate Judge Holly B. Fitzsimmons held a hearing in which she ordered Lopez to provide the court and defendants with a list of outstanding requests for production.  See Discovery Ruling and Order ("Dec. 2 Disc. Ruling") at 2 (Doc. No. 72).  Plaintiff sent a letter identifying 26 outstanding requests on November 2.  See id. at 1.  On November 18, Judge Fitzsimmons ordered defendants to make unopposed documents available for Lopez prior to November 30, and to alert the court to any objections by that date.  See id.; see also Notice dated November 18, 2009 ("Nov. 18 Notice") (Doc. No. 70).  Defendants filed a response to each of Lopez's requests by letter dated November 30, 2009.  See Dec. 2 Disc. Ruling at 1.

---

[1] Lopez's Objection is docketed as an objection to a second Discovery Ruling and Order, signed by Judge Fitzsimmons on December 10. See Discovery Ruling and Order (Doc. No. 75). However, only the December 2 Ruling addresses Requests No. 11 and 12, which are the source of Lopez's Objection.  Thus, this Ruling will address Lopez's objection to the December 2 Discovery Ruling.

1

On December 2, Judge Fitzsimmons held a telephone conference to discuss the discovery dispute.  See Minute Entry (Doc. No. 73).  She issued a Discovery Ruling and Order that same day.  See Dec. 2 Disc. Ruling.  In that Ruling, Judge Fitzsimmons addressed Lopez's Requests No. 11 and 12, which are the source of Lopez's Objection.  See id. at 3.  Those requests ask for production of: "The 2-East Unit log books from September 2005 to March 6, 2008.  The 1-East log books from March 6, 2008 to the present."  See id.  After noting that defendants objected to the requests on the grounds of relevance and burden, and on the grounds that they contained confidential information, Judge Fitzsimmons denied the requests, but directed defendants to produce certain log entries.  See id.

Judge Fitzsimmons clearly stated that her Ruling was not a recommended ruling, but a discovery ruling and order of the court.  See id. at 4.  On December 9, Lopez filed his Objection.  See Objection.  For the following reasons, the court overrules Lopez's objection and finds that Judge Fitzsimmons' Ruling was not clearly erroneous or contrary to law.

## II.     DISCUSSION

When a party objects to a magistrate judge's order on a non-dispositive motion, the district judge reviews that ruling and must modify or set aside the order if is "clearly erroneous or contrary to law."  See Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  U.S. v. U.S. Gypsum Co., 333 U.S. 364,

2

395 (U.S. 1948).  This "clear error" error standard applies to discovery rulings.  See L.R. 72.1(C)(2); L.R. 72.2.  The party objecting to a magistrate judge's discovery ruling bears a heavy burden, as "[m]agistrate judges are . . . afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused."  See Hudson v. Gen. Dynamics Corp., 186 F.R.D. 271, 273 (D. Conn. 1999) (internal citations omitted).

    A.    Waiver

Lopez's first objection to Judge Fitzsimmons' Ruling is that defendants waived their objections to his Request for Production because they failed to timely respond.  See Objection at 6.  Lopez originally mailed his Request for Production in August 2008, and his Motion for Order Compelling Disclosure was filed in January 2009.  See Objection at 1-2; Mot. to Compel Disclosure (Doc. No. 20).  This court granted that Motion in April 2009.  See Order Granting Motion to Compel Disclosure (Doc. No. 22).  At the same time, the case was referred to Judge Fitzsimmons for settlement.  See Order Referring Case (Doc. No. 21).  Inexplicably, defendants did not respond to Lopez's Requests until ordered to do so by Judge Fitzsimmons on November 18, 2009.

Lopez correctly notes that parties must provide responses and objections to discovery requests within 30 days after being served.  See Objection at 6; see also Fed. R. Civ. P. 34(b)(2)(A).  Lopez argues that, because defendants did not respond within the required 30 days, they have waived any objections they may have had.  See Objection at 6-7.  Generally, courts have held that, "in the absence of an extension, failure to object within the time fixed by the rule is a

3

waiver of any objection." See 8A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 2173.  After setting forth the 30-day rule, however, Rule 34 also states that "a shorter or longer time [for responses and objections] may be . . . ordered by the court."  See Fed. R. Civ. P. 34(b)(2)(A).  On November 18, Judge Fitzsimmons ordered defendants to turn over all unopposed documents responsive to Lopez's outstanding Requests for Production by November 30, and to raise any remaining objections by that date, and defendants complied with that Order.  See Discovery Ruling at 1; see also Nov. 18 Notice.

It was within Judge Fitzsimmons' discretion to manage the discovery schedule of this case.  Defendants made their objections to the discovery requests within the time frame ordered by the magistrate judge, as is allowed under Rule 34(b)(2)(A).  It was not clear error for Judge Fitzsimmons to consider those objections when making her ruling.  This objection is overruled.

### B. Relevance and Burden

Lopez next argues that defendants did not originally object to Requests No. 11 and 12 on the grounds of relevance and burden and should not now be allowed to do so.  See Objection at 4, 7-8.  However, as stated above, it was within Judge Fitzsimmons' discretion to extend the time for responses and objections, which she did on November 18.  Defendants objected on the grounds of "relevance and burden" to these requests by the deadline she set.  See Discovery Ruling at 3.  Thus, it was not clear error for Judge Fitzsimmons to consider those objections when making her ruling.  This objection is overruled.

C. <u>Confidentiality</u>

Lastly, Lopez argues that defendants' objection, that the documents requested "contain confidential information regarding other inmates and DOC security issues," can be overcome. <u>See</u> Objection at 8-9; Discovery Ruling at 3. As Lopez himself notes, the defendants had raised security concerns regarding these Requests as far back as August 2009.[2] <u>See</u> Objection at 4. After hearing oral argument on defendants' objections to these Requests, Judge Fitzsimmons denied the requests but ordered defendants to produce log entries from a date referenced in the Amended Complaint. <u>See</u> Discovery Ruling at 3; <u>see</u> <u>also</u> Am. Compl. at 25 (Doc. No. 68).

Despite Lopez's objections, in which he argues that providing this information would not pose a risk to security, Judge Fitzsimmons' Ruling was reasonable. The Department of Corrections ("DOC") is likely to have a better understanding of security risks than a prisoner. The fact that such log entries may have previously been turned over, as Lopez claims, does not mean the DOC does not have a legitimate basis to object now, and for the Magistrate Judge to sustain such an objection. None of Lopez's objections rise to the level of clear error. Therefore, this objection is overruled.

For the reasons stated above, the plaintiff's Objection (Doc. No. 76) is **OVERRULED.**

---

[2] In his header to this objection, Lopez labels these objections "belated." <u>See</u> Objection at 8. For the reasons stated above regarding the timing of defendants' objections, <u>see</u> <u>supra</u> at 4, it was not clear error for Judge Fitzsimmons to consider these objections in making her Ruling.

**SO ORDERED**.

Dated this 10th day of February, 2010, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge